

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| MELISSA HINCHEY, ) | |
| ) | Civil Action No. 5:06CV00047 |
| Plaintiff, ) | |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of Social Security, ) | |
| ) | By: Samuel G. Wilson |
| Defendant. ) | United States District Judge |

This matter is before the court on Melissa Hinchey's motion for attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412 (2006), following her appeal to this court of a decision by Michael J. Astrue, Commissioner of Social Security. Astrue argues that Hinchey's motion is not timely and that, in the alternative, the requested compensation is unreasonable. This court finds that Hinchey's filing was not timely and therefore does not find it necessary to reach the question of the reasonableness of the requested compensation. The court denies Hinchey's motion for attorney's fees as untimely.

I

On September 1, 2005, Social Security Commissioner Astrue ruled that Hinchey was not disabled and therefore not entitled to disability insurance benefits. On June 12, 2006, Hinchey filed a complaint in this court challenging Astrue's decision and asking this court to reverse and remand that decision. On April 25, 2007, this court found that the Commissioner's decision was not supported by substantial evidence and entered an order which vacated Astrue's decision, remanded the case and struck the case from the court's docket. On August 21, 2007, Hinchey filed this motion for attorney's fees.

## II

Under the EAJA, a prevailing party must file a motion for attorney's fees within thirty days of the "final judgment in the action." 28 U.S.C. § 2412(d)(1)(B) (2000). A "final judgment" is an action by the court that "terminates the civil action for which EAJA fees may be received" and that is "final and unappealable." Melkonyan v. Sullivan, 501 U.S. 89, 96 (1991) (stating that where a district court finds that the government's position lacked substantial justification and remands the case for a decision in accordance with that finding, the court has made a "final judgment" for purposes of the EAJA even though the decision is remanded); 28 U.S.C. § 2412(d)(2)(G) (2000). The thirty-day period for filing for attorney's fees under the EAJA begins when the district court's order is no longer appealable. The thirty-day limitation in § 2412(d)(1)(B) is not jurisdictional, Scarborough v. Principi, 541 U.S. 401, 414 (2004). However, the district court may, in its discretion, deny the motion as untimely. Townsend v. Social Security Admin., ___ F. 3d ___, 2007 WL 1296730, at *5 (6th Cir. 2007) (stating that a district court has discretion to deny an EAJA motion for attorney's fees as untimely where the plaintiff cannot excuse his delay).

Where the United States is a party to a case, a notice of appeal must be filed within sixty days after a district court enters the order to be appealed. Fed. R. App. P. 4(a)(1)(b). After sixty days, the district court order is unappealable. Therefore, for the purposes of the EAJA, the thirty-day time period to move for attorney's fees begins to run after the sixty-day period for appeal ends.

This court entered an order vacating the Social Security Commissioner's decision and remanding this case, as well as striking it from the docket on April 25, 2007. Sixty days later, on

June 25, 2007,[1] that order became a "final judgment" for purposes of the EAJA because it was no longer appealable. The period for moving for attorney's fees therefore ended thirty days later, on July 25, 2007. Hinchey did not file her motion for attorney's fees until August 21, 2007, nearly a month after the period for filing ended. Hinchey offered no explanation or justification for the delay. Accordingly, the court finds that Hinchey's motion for attorney's fees is untimely and denies the motion.

## III

For the foregoing reasons, it is hereby **ORDERED** that Hinchey's motion for attorney's fees is **DENIED**.

**Enter:** This 29th day of February, 2008.

UNITED STATES DISTRICT JUDGE

---

[1] A sixty-day period would actually end on June 24, 2007, however, that date is a Sunday so the sixty days ends the following day.